■ In the Matter of SOCIALIST WORKERS CAMPAIGN '84 et al., Respondents, v NEW YORK STATE BOARD OF ELECTIONS et al., Appellants. — Appeal from a judgment of the Supreme Court at

Special Term (Hughes, J.), entered October 5, 1984 in Albany County, which granted petitioners' application, in a proceeding pursuant to section 16-102 of the Election Law, to declare valid the independent nominating petition naming Mel Mason and Matilde Zimmermann as candidates of the Socialist Workers Party for President and Vice-President in the November 6, 1984 general election.

Under our constitutional form of government, the offices of President and Vice-President of the United States are chosen by electors selected by the voters in each State (US Const, art II, § 1; see NY Const, art II, § 9). A review of the Election Law reflects this indirect system of voting for President and Vice-President, wherein the provisions consistently refer to the *electors* of President and Vice-President as the offices being chosen by the electorate of this State (Election Law, § 6-102; see *Matter of Mahoney v Lomenzo,* 21 AD2d 971, affd 14 NY2d 952; see, also, Election Law, § 4-122, subds 1, 2; § 7-104, subd 1; § 8-308, subd 2; §§ 11-102, 11-104, subd 1, par a; §§ 11-108, 12-100, 12-102). Accordingly, the independent nominating petition involved in this proceeding, which listed only the names of the two individuals seeking to become President and Vice-President and did not list any of the names of the presidential and vice-presidential electors, was properly rejected by the State Board of Elections on the basis that the names of the candidates (i.e., the electors) did not appear anywhere on the petition (see Election Law, § 6-140, subd 1).

We are not persuaded that any of the constitutional arguments advanced by petitioners require a different result. We see no impermissible discriminatory restriction on the right of independent parties to obtain access to the ballot as a result of this decision; the failure to list any presidential and vice-presidential electors would be equally fatal to a certificate of nomination filed by one of the State's established political parties (see Election Law, § 6-156).

Judgment reversed, on the law, without costs, and petition dismissed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.